UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:

    Richard M. Neuer and
    Janice Neuer

                   Debtors

Case No. 1-17-45469-cec
**1st Amended**
**CHAPTER 13 PLAN**

------------------------------------------------------------X

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee for a total of __60__ months, the sum of:

    $__2,275.00__ commencing __November 23, 2017__ through and including __October 23, 2022__ for a period of __60__ months;

2. From the payments so received, the trustee shall make disbursements as follows:

    (a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507,

    Priority debt to **Corash & Hollender, P.C.**, (Debtors' attorneys) for legal fees, to be paid through the plan.

    (b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    **Nationstar Mortgage** (mortgage holder) to be paid pre-petition arrears in the sum of $116,000.00 plus __0__ % interest over the life of the plan.

    **Wells Fargo Bank** (2nd lien holder - HELOC) payments are current and will be paid outside the Plan. No payments will be made to Wells Fargo Bank through the plan.

    ____N/A____. (vehicle loan) payments are current and will be paid outside the plan. No payments will be made through the plan.

    Real Estate Taxes are current pre-petition and will be paid outside of the plan.

    (c) Subsequent and/or concurrently with distribution to secured, priority, and administrative creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **PRO RATA distribution to all timely filed proofs of claim, including student loans, of not less than 100 %(percent).**

3. The Debtor(s) shall make all post-petition payments, including but not limited to

mortgage payments, vehicle payments, real estate taxes and income taxes, outside the plan.

## LOSS MITIGATION LOAN MODIFICATION

N/A

4. The mortgage due to _____ (mortgage lien holder) on the property known as _____ (property address) under account number _____ is in default. Said default including all arrears, legal fees and other expenses due to the mortgagee shall be capitalized pursuant to a loan modification under the Court's Loss Mitigation Program, as provided in General Order 582 in the United States Bankruptcy Court for the Eastern District of New York. The debtor(s) post-petition mortgage payments under the Loss Mitigation calculation with the full balance due on the mortgage including, all past due payments, late charges, legal fees, escrow deficiency, etc. and totals $_____ to be paid at 2% interest amortized over forty (40) years will amount to a payment of $_____ including interest ($_____), and escrow ($_____). The estimated monthly payment of $_____ shall be paid directly to the Chapter 13 Trustee, while Loss Mitigation application is pending, and until such time as the Debtor(s) has entered into a trial loan modification under the Loss Mitigation Program. Contemporaneous with the approval and commencement of a trial loan modification, the Debtor(s) will amend the Chapter 13 Plan and Schedule J of the Debtor(s) petition to reflect the terms of the trial agreement, including the direct payment, going forward, of the mortgage to the mortgage lienholder.

## JUNIOR MORTGAGE LIENS TO BE AVOIDED

N/A

5. Pursuant to 11 U.S.C. §502, 506(a), 506(d), 1322(b)(2), 1325(a) and 1328(f) the debtor intends to avoid a mortgage lien on the debtor's primary residence located at _____ _____ ("Property") held by _____ [Loan No. (Last four digits) _____ ] [Claim No. _____ filed on _____ in the amount of $_____ ]. The debtor(s) are eligible to receive a discharge in this case, and the debtor(s) filed a motion pursuant to Bankruptcy Rule 3012 to value the junior mortgage lien held by _____ which was heard and determined by order dated _____ ("Rule 3012 Order"). In the Rule 3012 Order the Court found that the junior mortgage held by _____ is not secured by the Property because the amount of the senior mortgage(s) exceed the value of the Property, and the secured claim on the Property held by _____ shall be treated as a general unsecured creditor and paid in accordance with the terms of paragraph (c) above.

Upon entry of the chapter 13 discharge, debtor(s) or debtor's counsel shall be entitled to present the Rule 3012 Order, in recordable form, to the County Clerk's office in order to cancel and discharge the aforementioned mortgage lien.

6. All lease agreements are hereby assumed, unless specifically rejected, as follows:

**2017 Honda Civic** vehicle lease is assumed, payments are current and will be paid outside the plan. No payments will be made to Honda Financial Services through the plan.

7. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2 (c) <u>less than one hundred percent (100%)</u>, the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

8. Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, <u>unless otherwise provided in the Order confirming the plan.</u> Throughout the term of this plan, the debtor(s) will not incur post-petition debtor over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.

_____
Richard M. Neuer, Debtor

_____
Janice Neuer, Joint Debtor

Dated: **NOV 07 2017**

_____
By: Paul Hollender (PH5834)
Attorney for Debtor
Corash & Hollender, P.C.
1200 South Avenue, Suite 201
Staten Island, NY 10314
(718) 442-4424